## GRAHAM *v*. REMMEL.

### Opinion delivered June 15, 1908.

1. INSURANCE—RIGHT TO RECOVER PREMIUM.—Where a policy of life insurance was issued upon the ten-year distribution plan, and a note executed for the premium, and thereafter the policy was cancelled under mistaken belief that the parties had agreed to substitute a five-year distribution policy, upon the negotiations with reference to the latter policy being broken off, the contract as to the first policy was left in force, and the insurer had a right to reissue the policy and recover upon the premium note. (Page 537.)

2. PARTIES—WHO MAY SUE UPON CONTRACT.—A suit upon a note given to an insurance agent for an insurance premium was properly maintained by the agent (a) if the note was made payable to him for the insurance company's benefit or (b) if he had settled with the company for whatever interest it had in the note. (Page 538.)

Appeal from Jackson Circuit Court; *Frederick D. Fulkerson*, Judge; affirmed.

*J. W. & J. M. Stayton* and *Morris M. Cohn*, for appellants.

1. Appellee is not entitled to recover herein. 69 Ark. 67; Mechem on Agency, § § 760, 766. The fact that appellee took the note in his own name did not change the fact that the dealings were between appellants and the Insurance Company. The principal (Insurance Company), being the real party in interest, was the proper party to sue. 44 Ark. 564; 76 Ark. 558; Mechem on Agency, § 769. The agent's taking a note payable to himself personally· will not defeat the principal's right. Cases *supra;* Mechem, Agency, § 772; 119 Mass. 383; 121 N. C. 112. See, also, 5 B. & A. 27; 4 Camp. 195; 15 Ill. App. 50; 18 Me. 361; 27 N. Y. 264. Appellee could not by his own act revive any obligation of the Grahams to take a policy on the ten-year distribution plan, after the policy was cancelled. Nor could he shift around, so

as to make effectual policies previously cancelled by the parties. 5 Ark. 651; 110 Mich. 183; 22 Cyc. 1448, note 60. Until the parties to the insurance entered into a binding contract for insurance, insisted upon by one or the other of the parties thereto, no recovery could be had for any part of the premium due thereon, whether evidenced by note or otherwise. 49 Ark. 320. Until premium is fully paid, company has right to retract proposition to insure. 13 Ark. 461. The note was not for the full amount of the premium. 86 S. W. 814. And under the circumstances there was no payment of premium, even if the note had been for the full amount, within the meaning of the policy. 158 Mass. 132; 44 How. Pr. 385; 107 Fed. 418; 111 Ga. 482; 108 Wis. 213; 59 N. H. 298; 140 N. Y. 79. The fact that appellee held the note for part of the premium on the first policy gave him no right to a premium which accrued on another policy, which was in no manner evidenced by the note. 3 Blatchf. 305; 1 Mart. (N. S.) 219; 16 Minn. 388; 45 Neb. 299; 5 Johns. Ch. 534.

2.  The first policy was cancelled, and when cancelled it could not be revived without request of appellants. Cases *supra;* 2 Clement on Fire Ins. 424, and cases cited; 1 Biddle on Insurance, § 377. See also 11 Am. Dig. col. 1288, *et seq.* for cases of rescission for sundry causes, including change of mind. Return of refusal to take the policies, and cancellation thereof by the company, ended the liability of appellants upon their note. 57 S. E. 437. "Cancellation of the policy is effected by its voluntary surrender and delivery to the insurance company, or its agent, without reserve, the premium not having been paid." 2 Clement, Fire Insurance, 410. See also 178 U. S. 327; *Id.* 345; *Id.* 347; *Id.* 351.

3.  The insured who deals with the agent of a company is not liable to the agent for his services in procuring the policy. 10 N. Y. Supp. 797. See also 1 Am. & Eng. Enc. of L. (2 Ed.), 1161, 1119, 1136; 82 Me. 547; 110 Mich. 183.

4.  Appellee will not be permitted to maintain two inconsistent causes of action. 13 Ark. 448; 32 Ark. 244; Boone, Code Pl. (Pony Series), § 17; Newman, Pl. & Pr. (Code), 246.

*Rose, Hemingway, Cantrell & Loughborough* and *S. D. Campbell,* for appellee.

1. Remmel had in mind the ordinary five-year distribution policy issued by his company, under which distributions of dividends are made only every five years. Graham was thinking of a policy which should accumulate the dividends for five years, and distribute them annually thereafter—a form of policy which the company does not issue. Their minds did not meet on a five-year policy. 94 U. S. 47; 146 U. S. 497; Lawson on Contracts, § 214; 55 N. Y. 265; 3 Hun, 608; 108 Mass. 56. There was, therefore, no new contract that was to be a substitute for the first, and the first was not abrogated. 140 Mass. 210; 125 Mass. 110; 111 N. Y. 390; 18 N. E. 632. See also 18 S. E. 911; 90 Va. 413; 54 Ark. 153.

2. There is no inconsistency. The facts were fully set out, and the jury were left to say upon which of the obligations the appellants were bound, if upon either. Kirby's Digest, § 6079; 5 Enc. Pl. & Pr. 323.

3. It it were true that the contract was with the insurance company, appellee would nevertheless have the right to sue. Kirby's Digest, § 6002.

JOHN FLETCHER, Special Judge. A statement of this case will be found in 76 Ark. 140, where a former judgment in favor of H. L. Remmel was reversed with directions to the trial court to admit evidence which had been rejected and to submit the issues of fact to a jury.

The second trial resulted in a verdict in favor of Remmel upon the first count of the complaint, and Graham Brothers have again appealed.

We discover no reversible error in the instructions given or in refusing requests for others.

The verdict sustains the contention of Remmel that the first contract executed by Graham Brothers to him was binding upon them. But it is contended that this contract was abrogated by a cancellation of the ten-year policy issued in accordance therewith. This was done upon the request of Graham Brothers that they be permitted to exchange the ten-year policy for a policy to be issued upon what is known as the five-year distribution plan, and upon the understanding that such policy would be accepted in lieu of the ten-year policy and paid for by Graham Brothers when delivered. The verdict of the jury establishes

the fact, and it is admitted in argument by counsel, that there was a misunderstanding between the parties as to the nature of this five-year policy, that the minds of the parties never met as to it, and hence that the negotiations relating to the same never culminated in an effectual and binding contract. This left the contract as to the first policy in full force, and the company at the request of Remmel had the right to reissue that policy, which it did by issuing and tendering through Remmel another just like first. *Utley* v. *Donaldson,* 94 U. S. 47.

It is again contended that Remmel was acting merely as the agent of the company, and had no right of action upon the contract. The contract was made in his name, and the proof shows that he had settled with the company for any interest it had in the contract, and the company had no further interest in it. The suit was properly brought by him and in his name. Kirby's Digest, § § 5999 and 6002.

Affirmed.